LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
*perry.viscounty@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
(714) 540-1235 / (714) 755-8290 Fax

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
*jennifer.barry@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-3912 / (858) 523-5450 Fax

Attorneys for Plaintiff
BEHR PROCESS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BEHR PROCESS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RPM INTERNATIONAL INC., et al.,<br><br>Defendants. | CASE NO. SACV 14-00156 JLS (DFMx)<br><br>**ORDER ON STIPULATION FOR PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE DOUGLAS F. MCCORMICK]** |

LATHAM&WATKINS^LLP   OC\1738534.1
ATTORNEYS AT LAW
ORANGE COUNTY

CASE NO. SACV 14-00156 JLS (DFMx)
ORDER ON STIPULATION FOR
PROTECTIVE ORDER

Plaintiff Behr Process Corporation ("Plaintiff") and defendants RPM International Inc. and Rust-Oleum Brands Company (collectively, "Defendants")[1] stipulate as follows:

**PURPOSES AND LIMITATIONS – GOOD CAUSE STATEMENT**

Disclosure and discovery activity in this action are likely to involve production of certain confidential, proprietary, private or trade secret information for which special protection from disclosure would be warranted, such as information regarding the Parties' sales and profits, marketing budgets, launch schedules, and product development. Disclosure of this information would cause irreparable harm to the Parties by allowing their competitors to gain an unfair advantage by accessing their confidential, proprietary, private or trade secret information. Accordingly, the Parties petition the Court to enter the following Protective Order Governing Confidential Materials. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section IX (FILING PROTECTED MATERIAL) below, that this Protective Order creates no entitlement to file confidential information under seal; the Parties shall follow the applicable rules when seeking permission from the Court to file material under seal.

Notwithstanding anything in this Protective Order, the Parties agree that the Disclosure or Discovery Material, as defined in Section I(B) below, shall not be used by the Receiving Party, as defined in Section I(C) below, for any purpose other than for prosecuting or defending this action.

---

[1] Plaintiff and Defendants may each individually be referred to as a "Party" and collectively as the "Parties."

OC\1738534.1

1

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

**I.     DEFINITIONS**

   **A.     Party or Parties**:  any party to this action, and all parties to this action, including all of its or their officers, directors, owners, members, partners, trustees, beneficiaries, employees, consultants, retained experts, attorneys, and outside counsel (and their support staff).

   **B.     Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any party or non-party in disclosures or responses to discovery in this matter.

   **C.     Receiving Party**:  a Party that receives Disclosure or Discovery Material from a Producing Party.

   **D.     Producing Party**:  a Party or non-party that produces Disclosure or Discovery Material in this action.

   **E.     Designating Party**:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as those terms are defined below.

   **F.     "CONFIDENTIAL" Information or Items**:  information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and any other information that would qualify as Confidential pursuant to the applicable legal standard.

   **G.     "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items:**  certain limited CONFIDENTIAL material or information that is competitively sensitive and constitutes or contains: (1) technical information

such as product design, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial, personal and/or financial information of an extremely sensitive nature that may cause significant competitive harm to, and/or breach the privacy of, the Designating Party if disclosed to persons other than those described in Section VI(C) (ACCESS TO AND USE OF PROTECTED MATERIAL) below.

**H. Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**I. Outside Counsel**: (i) attorneys who appear on the pleadings as counsel for a Party, and (ii) partners, associates and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

**J. Expert:** : a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with Section VI(G) below.

**K. Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**II. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

3

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Protective Order as though they were designated as Protected Material.

**III.** <u>DURATION</u>

Even after the termination of this litigation—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**IV.** <u>DESIGNATION OF PROTECTED MATERIALS</u>

**A. Manner and Timing of Designations.** Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires the following:

1. <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings): the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material, including on each page of any electronically produced document.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied

LATHAM&WATKINS LLP OC\1738534.1
ATTORNEYS AT LAW
ORANGE COUNTY

4

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

1  and produced, the Producing Party must determine which documents, or portions
2  thereof, qualify for protection under this Protective Order, and before producing
3  the specified documents, the Producing Party must affix the "CONFIDENTIAL"
4  or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" legend at the top
5  or bottom of each page that contains protected material. If only a portion of a
6  document or portions of the material on a page qualifies for protection, the
7  Designating Party must clearly identify the protected portion(s).

8        2. <u>For testimony given in deposition or in other pretrial or trial</u>
9  <u>proceedings</u>: all transcripts will automatically be designated "HIGHLY
10 CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the day of the deposition
11 or proceeding to fourteen (14) calendar days after receipt of the final original
12 transcript by the witness or the witness' attorney. During this period of automatic
13 designation, the Designating Party may provide written designations of those
14 portions of the testimony that qualify for protection under this Protective Order. If
15 such written designations are submitted, then the final transcript will be revised to
16 reflect those designations. After the expiration of this period of automatic
17 designation, if no written designations are submitted by the Designating Party, then
18 the entire transcript will be deemed non-confidential, and the transcript will be
19 revised to remove all confidentiality designations.

20       3. <u>For information produced in some form other than</u>
21 <u>documentary, and for any other tangible items</u>: the Producing Party must affix the
22 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS'
23 EYES ONLY" in a prominent place on the exterior of the container or containers
24 in which the information or item is stored or in some other reasonable fashion
25 depending on the form of the material. If that matter is stored or recorded
26 electronically (including information databases, images, or programs stored on
27 computers, discs, networks or backup tapes) and a legend cannot be affixed upon
28 it, the Designating Party may designate such material as "CONFIDENTIAL" or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

5

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

"HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material.  Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Protective Order by written notice.  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

4. <u>For information revealed in the course of a hearing</u>:  all hearing testimony will automatically be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the day of the hearing to fourteen (14) calendar days after receipt of the final original transcript by the witness or the witness' attorney, except that Parties may draft orders on the hearings as necessary to effect the Court's decisions.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Protective Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed non-confidential, and the transcript will be revised to remove all confidentiality designations.

**B.    Inadvertent Failures to Designate.**  If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  If material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.  As used in this Protective Order, an act is "timely" if it does not unduly prejudice another party.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

6

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

**C.     Inadvertent Production.**  If the Producing Party contends that it has inadvertently produced material that it alleges is protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or protection from disclosure ("the Subject Material"), that party shall notify the Receiving Party of the inadvertent production promptly upon its discovery of the inadvertent production.  Promptly upon notification, and in no event no later than three (3) business days after receiving notice, the Receiving Party shall return and/or destroy all copies of the Subject Material identified in the notice, and shall certify in writing that it has done so.  In so doing, the Receiving Party shall not waive or prejudice any challenge it may have to the alleged privileged status of the Subject Material, nor shall it waive or prejudice any challenge it may have to the Producing Party's claim of inadvertent production.  Where recovery and return/destruction of the inadvertently produced privileged communications and/or work product results in material costs, the Receiving Party may apply to the Court to seek recovery of said costs.  If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the Subject Material, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material.

Nothing in this section or in this Protective Order waives or limits the protections afforded to the parties by the applicable Federal Rules of Civil Procedure.

**V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**A.     Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and the Parties must conduct the process pursuant to Local Rule 37-1.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

7

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

1 in designation is offered, to explain the basis for the chosen designation.

2     **B.**     **Judicial Intervention.** A Party that elects to press a challenge to a
3 confidentiality designation after considering the justification offered by the
4 Designating Party during the aforementioned conference may seek the Court's
5 assistance via the procedure set forth in Local Rule 37. The burden of persuasion
6 in any such challenge proceeding shall be on the Designating Party. Until the
7 Court rules on the challenge, all parties shall continue to afford the material in
8 question the protection to which it is entitled under the Producing Party's
9 designation.

10 **VI.**     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

11     **A.**     **Basic Principles.** A Receiving Party may use Protected Material that
12 is disclosed or produced by another Party or by a non-party in connection with this
13 case only for prosecuting, defending, or attempting to settle this litigation. Such
14 Protected Material may be disclosed only to the categories of persons and under
15 the conditions described in this Protective Order. When the litigation has been
16 terminated, a Receiving Party must comply with the provisions of Section X
17 (FINAL DISPOSITION) below. Protected Material must be stored and maintained
18 by a Receiving Party at a location and in a secure manner that reasonably ensures
19 that access is limited to the persons authorized under this Protective Order.

20     **B.**     **Disclosure of "CONFIDENTIAL" Information or Items.** Unless
21 otherwise ordered by the Court or permitted in writing by the Designating Party, a
22 Receiving Party may disclose any information or item designated
23 "CONFIDENTIAL" only to:

24     1.     In-house counsel of the Receiving Party and its
25 related/affiliated entities, the Receiving Party's Outside Counsel in this action, as
26 well as employees and consultants of said Counsel to whom it is reasonably
27 necessary to disclose the information for this litigation;
28     2.     The Receiving Party, if that party is an individual, or if the

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

8

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

Receiving Party is an entity, then its officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party and its related/affiliated entities to whom disclosure is reasonably necessary for this litigation;

      3.      Experts (as defined in this Protective Order) of the Receiving Party who have been approved in accordance with Section VI(G) below, and their administrative support staff, if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

      4.      The Court and its personnel;

      5.      Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

      6.      Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation;

      7.      Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

      8.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

      9.      Any author or recipient of the document or the original source of the information disclosed in the document.

**C.**    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

9

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

1. One (1) in-house counsel of the Receiving Party or its related/affiliated entities. For purposes of this section, Plaintiff may disclose such information to Jim O'Doherty (Corporate Counsel – Litigation, Masco Corporation) and Defendants may disclose such information to Michael Murphy (Corporate Counsel – Rust-Oleum). A Receiving Party may designate a new in-house counsel for purposes of this section by (1) informing the other party in writing (via letter, e-mail, or facsimile) that the individual designated above is no longer employed by the Receiving Party or its related/affiliated entities and (2) providing the name of the newly designated in-house counsel.

2. The Receiving Party's Outside Counsel in this action, as well as employees and consultants of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

3. Experts (as defined in this Protective Order) of the Receiving Party who have been approved in accordance with Section VI(G) below, and their administrative support staff, if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

4. The Court and its personnel;

5. Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

6. Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation;

7. Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

8. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

10

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

1 Party or ordered by the Court; and

2         9.    Any author or recipient of the document or the original source of the information disclosed in the document.

      **D.**    **Maintenance of Signed Agreements.** Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

      **E.**    **Disclosure Not Otherwise Authorized.** In the event that counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Protective Order, such counsel shall make a written request (delivered by hand, email or fax) to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved, and notifying the Designating Party that it has five (5) business days to object to such disclosure. Within five (5) business days of the request, counsel for the Designating Party may object to such disclosure by delivering by hand, email, or fax a written objection to counsel serving the disclosure request. Failure to so object constitutes consent to such disclosure.

      In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Protective Order until such dispute has been resolved by agreement of the parties or, after the Parties engage in a good faith meet and confer about this issue (which conference is to occur within five (5) business days of a written request therefor), by order of the Court. However, both parties agree to act in good faith to approve reasonable requests, if feasible, to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information at depositions taken in this action, but acknowledge that requests of this nature should generally be made using the procedure in this section prior to the deposition if reasonably anticipated.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

11

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

**F. Authorized Disclosures.** Nothing in this Protective Order shall preclude any Party to the proceeding or their attorneys from:

1. Showing materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

2. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the Party's own files.

3. Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a lawful source other than discovery.

4. Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the Receiving Party at the time of production.

**G. Experts and Consultants.**

1. Prior to disclosing any "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material to any Experts or consultants retained in connection with this litigation, the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; (iv) a listing of consulting projects undertaken by the expert or consultant within the last four (4) years; (v) an executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A); and (vi) a current certification that the expert or consultant is not a current officer, director, owner, member, partner, contractor or employee of a Party or of a competitor of a Party,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

12

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

1 nor anticipated at the time of the certification to become an officer, director,
2 owner, member, partner, contractor, or employee of a Party or a competitor of a
3 Party.

4     2.    Within five (5) business days of receipt of the information
5 described in the paragraph above, the Producing Party may object in writing to the
6 proposed outside expert or consultant for good cause.  In the absence of an
7 objection during the five-day period, the person shall be deemed approved under
8 this Protective Order.  If objection to disclosure is made within the time required,
9 the parties shall meet and confer via telephone or in person within five (5) business
10 days following the objection and attempt in good faith to resolve the dispute on an
11 informal basis.  If the dispute is not resolved, the party objecting to the disclosure
12 will have five (5) business days from the date of the meet and confer to seek relief
13 from the Court.  If relief is not sought from the Court within that time, the
14 objection shall be deemed withdrawn.  If relief is sought, designated materials
15 shall not be disclosed to the Expert or consultant in question until the objection is
16 resolved by the Court.

17     3.    For purposes of this section, "good cause" shall include, but not
18 necessarily be limited to, an objectively reasonable concern that the Expert or
19 consultant, or someone associated therewith, will, advertently or inadvertently, use
20 or disclose "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"
21 information outside of this litigation, or constitute an unreasonable risk thereof.
22 Experts or consultants authorized to receive "HIGHLY CONFIDENTIAL—
23 ATTORNEYS' EYES ONLY" material under this section shall not be a current
24 officer, director, owner, member, partner, contractor or employee of a Party or of a
25 competitor of a Party, nor anticipated at the time of retention to become an officer,
26 director, owner, member, partner, contractor, or employee of a Party or a
27 competitor of a Party.

28     4.    Prior to disclosing any "CONFIDENTIAL" material to any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

13

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

Experts or consultants retained in connection with this litigation, the party seeking to disclose such information shall require each such expert or consultant to review and execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

### VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by hand, email or fax), promptly and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. Provided that the Producing Party has taken the necessary steps to prevent, through judicial process, production of the documents sought to be produced, the Receiving Party shall not produce to the party in the other action any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and will maintain the status quo pending resolution of the Producing Party's motion to quash or analogous proceeding.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

14

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom an unauthorized disclosure was made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## IX. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Applicable Federal Rules of Civil Procedure and Local Rules of this Court.

## X. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) calendar days after the final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken), each Receiving Party must make reasonable efforts to return or destroy the Protected Material. As used in this paragraph, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that affirms that the Receiving Party has taken reasonable efforts to comply with

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

15

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

the foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  "Reasonable efforts" shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Protective Order.

Notwithstanding this provision, counsel are entitled to retain archival copies and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such counsel take appropriate steps to prevent the disclosure in a manner contrary to this Protective Order of such Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (DURATION) above.

**XI.** <u>MISCELLANEOUS</u>

**A.** **Right to Further Relief.**  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**B.** **Admissions and Waivers.**  Neither the entry of this Order, nor the designation of any information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information.  Nothing in this Protective Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

16

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

evidence. Moreover, nothing in this Protective Order shall be construed to require any party to disclose to any other party any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or to prohibit any party from refusing to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any other party.

**C. Right to Assert Other Objections.** By entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

**D. Clawback Provision.** Pursuant to Federal Rule of Evidence 502(d), a request by Producing Party that information (including documents) be returned because it is privileged or subject to work product or other immunity from discovery shall not constitute a waiver of the applicable privilege or immunity as long as (a) the Producing Party did not intentionally disclose the information in a selective, misleading, and unfair manner in an attempt to gain a strategic advantage, (b) upon becoming aware of the disclosure, the Producing Party promptly designates the information as privileged or subject to an immunity, and (c) the Producing Party requests in writing the return of any such documents to the Producing Party.

IT IS SO STIPULATED.

Dated: April 16, 2014                    LATHAM & WATKINS LLP

                                         By /s/ Jennifer L. Barry
                                            Perry J. Viscounty
                                            Jennifer L. Barry

                                         *Attorneys for Plaintiff*
                                         BEHR PROCESS CORPORATION

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

17

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

Dated: April 16, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Carlo F. Van den Bosch
Carlo F. Van den Bosch

*Attorneys for Defendants*
RPM INTERNATIONAL INC. AND RUST-OLEUM BRANDS COMPANY

ATTESTATION: I certify that I obtained concurrence in the filing of this document from all parties whose electronic signatures appear above.

Dated: April 16, 2014  /s/ Jennifer L. Barry

**ORDER**

IT IS SO ORDERED.

Date: April 17, 2014

_____
Hon. Douglas F. McCormick
U.S. Magistrate Judge

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

18

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, [NAME], with an address of [ADDRESS    ], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____, 2014, in the case of *Behr Process Corporation v. RPM International Inc., etc., et al.*, Case No. SACV 14-00156 JLS (DFMx).

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Executed on _____, 20____, at [CITY AND STATE].

Signature: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1738534.1

19

CASE NO. SACV 14-00156 JLS (DFMx)
STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS